THE CITY OF ALBANY, Respondent, *v.* THE WATERVLIET TURNPIKE AND RAILROAD COMPANY, Appellant.

Under and in pursuance of authority conferred on it by statute (Chap. 141, Laws of 1828, and Chap. 233, Laws of 1862), defendant acquired title to certain lands "for the purpose of a highway," made a turnpike road, and subsequently constructed a street railway upon said road, so near one side thereof, that no vehicle could pass between the railway and that side of the road, the rails also were raised above the surface of the street, so as to impede passage across them. Plaintiff, by proceedings authorized by its charter, acquired title to a portion of said road for a public street. No appeal was taken by defendant therein, and it received the compensation awarded to it. Plaintiff's common council passed an ordinance directing defendant to remove its railway tracks and replace them with rails laid flush with the grade of the street, and so as to leave a passage-way on each side thereof. *Held,* that the acquiescence by defendant in the order made in said proceedings, and the acceptance of the sum awarded to it estopped it from objecting, if any objection in fact existed, to the exercise by the city of a control over the road, the same as over other city streets; and that plaintiff was entitled to judgment requiring defendant to comply with said ordinance.

*It seems* that the privileges granted defendant by the legislature were within its control, and were subject to the right of eminent domain.

(Argued November 30, 1887; decided January 17, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 11, 1887, on a case submitted under section 1279 of the Code of Civil Procedure. (Reported below, 45 Hun, 442.)

The substance of the order and the material facts are stated in the opinion.

*Matthew Hale* for appellant.   The legislature could not withdraw or abrogate the franchises conferred by the act of 1862.   (*Dartmouth College Case*, 11 Wheat. 511; *Brooklyn Cent. R. R. Co.* v. *City R. R. Co.*, 32 Barb. 358, 364; 2 Dillon on Mun. Corp. 658; 3 Kent's Com. 458.)   The property of the defendant which is claimed to have been acquired by the city had been acquired and was held by defendant for public use.   (*Watervliet Turnpike Co.* v. *McKean*, 6 Hill, 616.)   It had power to acquire lands necessary for its roads, *in invitum*.   (1 R. S. 582, § 26; Chap. 141, Laws of 1828, §§ 7, 8.)   Corporations which derive power from the legislature to take property by the right of eminent domain, cannot exercise such power in reference to property already dedicated to public use without an express grant.   (*In re B. & A. R. R. Co.*, 53 N. Y. 574; *In re City of Buffalo*, 68 id. 167; *In re Rochester Water Com'rs*, 66 id. 413; *In re N. Y. C. & H. R. R. R. Co.*, 77 id. 266; *Prospect Park, etc.* v. *Williamson*, 91 id. 552.)   While a corporation cannot, under a power to take lands for a public use, take lands from another corporation having a like power, yet an easement may be acquired in such lands when it may be enjoyed without detriment to the public or without interfering with the use to which the lands are devoted.   (*In re Rochester Water Com'rs*, 66 N. Y. 413.)   The state in the exercise of the right of eminent domain, or a corporation having the delegated authority, is not bound to take the entire estate, but may take, and strictly should take, only such an interest and right as is necessary to be acquired to accomplish the public purpose in view.   (*Sixth Ave. R. R. Co.* v. *Kerr*, 72 N. Y. 330, 333.)   In modern tenures the word "fee" signifies simply an estate of inheritance, while a "fee simple" imports an absolute inheritance clear of any condition or limitation whatever.   (*Patterson* v. *Ellis*, 11 Wend. 259, 277.)   When a municipal corporation takes a street that has already an obstruction upon it, it takes

the land "subject to the burden" and cannot afterwards complain of or interfere with the obstruction. (*Fisher* v. *Prowse*, 110 Eng. Com. Law [2 B. & S.], 170; *State of New Jersey* v. *New Jersey Society, etc.*, 15 Vroom, 502; 2 Dillon on Mun. Corp. 717, 723; *City of Cohoes* v. *Morrison*, 42 Hun, 216; *Ill. Central R. R. Co.* v *City of Bloomington*, 76 Ill. 477.) The franchises of a corporation cannot be taken away by extending the boundaries of a city so as to include them. (*People* v. *Detroit, etc., Plank Road Co.*, 37 Mich. 195; *State* v. *Mayor, etc., of New Brunswick*, 1 Vroom. [N. J.], 395.) If the tracks were a public nuisance perhaps the city might have the power to compel their removal, but having been expressly authorized by the legislature, and expressly authorized to be "constructed and maintained" upon the side of the "turnpike road" such construction and maintenance in pursuance of legislative authority cannot be a public nuisance. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98, 107.)

*D. Cady Herrick* for respondent. The only title to the land acquired by the defendant under the act of 1828 was for the purpose of a highway. (*Hooker* v. *Utica, etc., Turnpike Co.*, 12 Wend. 371; *People* v. *Kerr*, 27 N. Y. 188–196.) The proceedings taken by the city of Albany in 1884 vested the control of said highway in said city as a public street. The use of the land was originally taken under the act of 1828, and under the proceedings taken by the city of Albany the same became a public highway. (*People* v. *Kerr*, 27 N. Y. 199.) Every species of property which the public needs may require and which government cannot lawfully appropriate under any other right is subject to be seized and appropriated under the right of eminent domain. (Cooley's Const. Lim. 526.) The land excepted from the right of eminent domain must be already held upon a public trust by the authority and under the ward and control of the state. (*In re N. Y. L. & W. R. R. Co.*, 99 N. Y. 23.) As between the company and individuals or other companies it is held for public use; as between itself and the public it holds it as

private property subject to all acts of sovereignty on the part of the public. (*People* v. *Kerr*, 27 N. Y. 197, 198.) A portion of a railroad may be condemned for the use of another railroad. (*Eastern R. R. Co* v. *Boston R. R. Co.*, 111 Mass. 125.) The right of eminent domain is an inherent element of sovereignty. It is impliedly reserved in every grant. It cannot be abridged so as to bind future legislation. The franchise of a corporation is not exempt. (*Eastern R. R. Co.* v. *Boston & M. R. R. Co.*, 111 Mass. 125, 131.) The defendant is estopped from denying that the city acquired title to said highway in a city street, by not objecting to the confirmation of the report of the commissioners and by receiving the damages awarded. (Dillon's Mun. Corp., 593 ; *Embury* v. *Conner*, 3 N. Y. 511 ; *Brooklyn Park Com'rs* v. *Armstrong*, 45 id. 234 ; *In re N. Y. & H. R. Co.*, 39 Hun, 338.) The defendant holds all its rights subject to the paramount right of the legislature and of the city to improve, alter or change its streets at any time they deem the public benefit requires it and for that purpose may compel the company to remove its tracks. (*Kirby* v. *Citizens' R. Co.*, 48 Ind. 168.)

DANFORTH, J. Upon facts stated by the parties the Supreme Court adjudged that the city of Albany was "vested with the control of the highway" in question, "as one of" its "public streets," and ordered the defendant to remove its tracks between the present north bounds and the former north bounds of that city, and replace them with rails laid flush with the grade of the street and in such position "as to leave a passage way for vehicles on each side thereof" as required by an ordinance of the common council of the city. The appellant's contention is that this judgment is in disregard of franchises acquired by it under the provisions of chapter 141 of the Laws of 1828, and chapter 233 of the Laws of 1862. Under the first act it lawfully appropriated to itself "for the purpose of a highway," and made a turnpike road over the premises in question, and by the second it acquired the additional right to construct and maintain a railroad track upon its turnpike road. It

SICKELS—VOL. LXIII.    3

availed itself of both privileges, but so placed its tracks that no vehicle could pass to the east, and its rails rose above the surface of the road so as to impede passage across them. They, therefore, were unsuitable for a city street. Although these privileges were created by statute they were not beyond the control of the legislature, nor was the land over which they were exercised exempted from the right of eminent domain.

The plaintiff's claim stands upon the authority of both. Prior to 1870 the premises so occupied were part of the town of Watervliet, but in that year (Laws of 1870, Chap. 139), the north boundary of the city of Albany was extended so as to take in a mile and a quarter of the turnpike and railroad, and in 1884, by proceedings authorized by its charter (Laws of 1883, Chap. 298), and instituted for that purpose, and to which the defendant was a party, the plaintiff acquired title to the premises in question for the purpose of a public street. No appeal was taken from the order made upon such proceedings and the defendant received the compensation awarded it. This acquiescence on the part of the defendant, and voluntary acceptance of the award, estops it from now objecting, if objections in fact existed, to the exercise by the plaintiff of the rights acquired under those proceedings. The defendant thus ratified the award of the commissioners and consented to the improvement and regulation of the street by the city for city purposes, as other city streets were regulated. The city had the right to take the land on making payment, and the plaintiff could not resist its control after acceptance of compensation. To exercise the rights and franchises as originally granted would disregard not only the intention of the legislature as expressed in the statutes above cited, but wholly defeat the very object of the proceedings which were taken by its authority. The court below was of the opinion that this was not permissible, and the judgment appealed from went on that construction. We concur in the opinion expressed by them and think the appeal should fail and the judgment be affirmed.

All concur, except EARL and PECKHAM, JJ., not voting.

Judgment affirmed.